UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JONES J. WOODS,

        Defendant.

23-MR-570-LJV
DECISION & ORDER

---

The defendant, Jones J. Woods, has been charged in a criminal complaint with depredation against property of the United States under 18 U.S.C. § 1361. *United States v. Woods*, Case No. 23-mj-5032 ("MJ Docket"), Docket Item 1 (W.D.N.Y Jan. 31, 2023). In June 2023, United States Magistrate Judge Michael J. Roemer held a competency hearing and found that Woods was not competent to stand trial. *See* MJ Docket Item 10. Accordingly, Judge Roemer committed Woods to the custody of the Attorney General for treatment as necessary. MJ Docket Item 13.

About six months later, Woods moved to dismiss or for expedited hospitalization. MJ Docket Item 16. Judge Roemer issued an order providing that the complaint would be dismissed if Woods was not hospitalized by January 31, 2024. MJ Docket Item 20. Woods initially appealed that order to this Court, Docket Item 1, but later withdrew his appeal, Docket Item 13.[1]

---

[1] Unless otherwise noted, docket citations are to the docket in this case (23-mr-570).

In July 2024, the government moved for an order finding (1) that Woods "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" and (2) that "there is not a substantial probability that [Woods] can or will be restored to competency in the foreseeable future." *See* MJ Docket Item 36 at 4. Woods agreed that he "remains incompetent and that there is no substantial probability that he will attain competency in the foreseeable future." *See* MJ Docket Item 38 at 1-2. But the government's motion also asked that Woods's "commitment to the Attorney General's custody (and hospitalization at FMC-Devens) . . . continue for an additional 45-day period, so as to permit the facility director to determine whether a certificate of dangerousness should be issued pursuant to 18 U.S.C. § 4246," *see* MJ Docket Item 36 at 4, and Woods opposed the government's request for an additional 45-day commitment, *see* MJ Docket Item 38 at 1-2.

On August 2, 2024, Judge Roemer issued a Decision and Order ("D&O") granting the government's motion in full, MJ Docket Item 39, and Woods appealed to this Court, Docket Item 21. Woods subsequently moved for a stay of the D&O, which Judge Roemer denied. *See* MJ Docket Items 43 and 46. Woods then appealed the denial of the stay as well. Docket Items 25 and 26.

Both parties made unopposed requests for extensions of time to file papers related to the appeals, and this Court granted those requests. *See* Docket Items 28, 29, 31, 32, and 33. On August 26, 2024, the government responded to both appeals. Docket Item 30. On August 30, 2024, Woods replied in support of his appeal on the

denial of a stay, Docket Item 34, and on September 2, 2024, Woods replied in support of the underlying appeal, Docket Item 35.[2]

With respect to non-dispositive motions decided by a magistrate judge, "a district court may only 'modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.'" *United States v. Aventura Techs., Inc.*, 607 F. Supp. 3d 278, 282 (E.D.N.Y. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)).  "This standard is highly deferential and only permits reversal where the magistrate [judge] abused his discretion."  *Id.* (quoting *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 204 (E.D.N.Y. 2010)).  With respect to dispositive motions, however, magistrate judges may only issue recommendations, and a district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 USC § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  The court must review *de novo* those portions of a magistrate's recommendations to which a party objects.  *Id*.

For the reasons that follow, this Court affirms Judge Roemer's D&O in its entirety.

---

[2] On September 4, 2024, the Bureau of Prisons notified this Court that the warden of FMC Devens had issued a certificate of dangerousness on August 30, 2024. Woods's motion is not moot, however, because if he was being held illegally, that certification would have been issued improperly and could be vacated.  *Cf. United States v. Wayda*, 966 F.3d 294, 309 (4th Cir. 2020) (affirming dismissal of dangerousness certification as untimely).

In light of that development, this Court expedited its consideration of both appeals rather than deciding the appeal on the motion for stay first.

## DISCUSSION[3]

### I. LEGAL PRINCIPLES

Under 18 U.S.C. § 4241(d), the Court "shall commit" a defendant who "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Under such a commitment, the Attorney General, through the Bureau of Prisons ("BOP"),

> shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> (B) the pending charges against him are disposed of according to law; whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

*Id.*

Under 18 U.S.C. § 4246(a), the BOP may certify to the Clerk of Court for the district where the inmate is confined that the inmate "is presently suffering from a mental

---

[3] This Court assumes the reader's familiarity with the factual background of this case and Judge Roemer's analysis in the D&O, *see* MJ Docket Item 39.

disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for [s]tate custody and care of the person are not available." Such a certification commences a dangerousness proceeding in the custodial district, which must hold a hearing under sections 4246(c) and 4247(d).

Section 4246(b) provides that before any such hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." As relevant here, section 4247(b) provides that "[f]or the purposes of an examination . . . , the court may commit the person to be examined . . . under section . . . 4246 . . . for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility." That section also permits the BOP to "apply for a reasonable extension" that is "not to exceed thirty days . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant." 18 U.S.C. § 4247(b).

## II.  STANDARD OF REVIEW

This Court first must decide the standard of review for each of Judge Roemer's findings. The parties agree that the motion for a stay is non-dispositive and therefore may be overturned only if it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); see Docket Item 30 at 8; Docket Item 34 at 1. Woods, however, "contends that the government's motion seeking to commit him to the custody of the [Attorney General] for an additional 45 days for preparation of a dangerousness evaluation [i]s 'dispositive' for purposes of 28 U.S.C. [§] 636(b)(1) and

5

Fed. R. Crim. P. 59(b)." Docket Item 21 at 6-7. The government disagrees, arguing that Judge Roemer correctly determined the motion to be non-dispositive. Docket Item 30 at 5-10. This Court agrees with the government.

Woods is correct that the question of *competency* may be dispositive. *See United States v. Pfeiffer*, 2018 WL 8544778, at *1 n.3 (W.D.N.Y. Dec. 18, 2018) (noting that "[w]hether a ruling on a motion to determine the competency of a criminal defendant to stand trial is dispositive or non-dispositive, pursuant to 28 U.S.C. § 636, is not well settled" (quoting *United States v. Nunez*, 2013 WL 1773627, at *1 n.1 (W.D.N.Y. Mar. 8, 2013))), *report and recommendation adopted*, No. 16-CR-23-A, 2019 WL 2435487 (W.D.N.Y. June 11, 2019). But even if it is, Woods has not objected to Judge Roemer's findings that he is not competent to stand trial and that there is no substantial probability that he will be competent in the foreseeable future. Based on the record and the absence of an objection as to Judge Roemer's findings on Woods's competence, this Court agrees with Judge Roemer's assessment of those issues and adopts his findings under either standard of review.

The standard of review as to the government's motion to commit Woods to the custody of the Attorney General for a dangerousness assessment is a different story, however. Woods concedes that he has not found any caselaw holding that an order for an evaluation under section 4246 is dispositive. *See* Docket Item 21 at 7. But he argues that this Court nevertheless should find the motion to be dispositive because "[a]t this point in the litigation, [his] defense is that he is detained unlawfully, and . . . in the absence of the filing of a dangerousness certificate[,] no court possesses the

6

authority to order his further commitment for a dangerousness evaluation or any other reason." *Id.*

The government counters that Woods's "logic stretches too far for at least two reasons." Docket Item 30 at 8. "First," the government says, "the direct consequence of the [section] 4246 [o]rder is simply that Woods will be (and is being) evaluated. And if the evaluation finds him dangerous, he will have a chance to challenge that in any yet-to-be commenced civil commitment proceeding in the District of Massachusetts." *Id.* at 8-9. "Second," the government continues, "the logic advanced here to find the [section] 4246[] evaluation [o]rder dispositive would turn many routine orders into dispositive orders because of their collateral potential consequence of affecting a subsequent dispositive ruling." *Id.* at 9 (giving exclusions of time under the Speedy Trial Act as an example of non-dispositive rulings that may have collateral consequences on dispositive issues).

This Court agrees with the government that "the practical effect of the challenged action" does not "'fully dispose[] of a claim or defense,'" and Judge Roemer's decision is therefore not dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008) (quoting *Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 6 (1st Cir. 1999)). So the Court can overturn the D&O only if it is "clearly erroneous or is contrary to law." *Aventura Techs., Inc.*, 607 F. Supp. 3d at 282 (quoting 28 U.S.C. § 636(b)(1)(A)). And regardless, the standard here makes no difference because, for the same reasons detailed below, this Court would affirm even under the higher *de novo* review standard.

### III.     JUDGE ROEMER'S DECISION & ORDER

As Judge Roemer explained, "[a]lthough [section] 4246 does not explicitly state that a person may be hospitalized for the purpose of permitting the facility director to perform an initial assessment of dangerousness, several courts have concluded that allowance for such a period of time is permissible."  MJ Docket Item 39 at 11; *see, e.g.*, *United States v. Godinez-Ortiz*, 563 F.3d 1022, 1032 (9th Cir. 2009) ("In authorizing the director to file a dangerousness certification, [section] 4246 necessarily contemplates the temporary commitment of that person so that the director can conduct the evaluation necessary to make the certification decision."); *United States v. Brennan*, 389 F. Supp. 3d 206, 210 (W.D.N.Y. 2019) (Wolford, *J.*) (finding that "a person may be hospitalized [under section 4246] for the purpose of permitting the facility director to perform an initial assessment of dangerousness").  This Court agrees with the reasoning of *Godinez-Ortiz*, which Chief Judge Wolford followed in *Brennan*.

In his appeal, Woods relies on decisions from the Fourth Circuit, particularly *United States v. Wayda*, 966 F.3d 294 (4th Cir. 2020).  *See* Docket Item 21 at 10-12; Docket Item 35 at 8-10.  But as the government observes, "*Wayda* arose in a different posture and concerned the delay in the government's initiation of civil commitment proceedings for over six months after the district court found Wayda unrestorable."  Docket Item 30 at 21 (citing *Wayda*, 966 F.3d at 300).

The Fourth Circuit explained that the defendant's "continued confinement between the [u]nrestorability [d]etermination and the [section 4246 or] 4248 certificate's filing must . . . be limited to a reasonable period."  *Wayda*, 966 F.3d at 303.  "That 'reasonable period of time,'" the Fourth Circuit continued, "should not be so short as to not accord the government reasonable time to seek and file certification of a person

8

pursuant to [sections] 4246 or 4248, but it should only be so long as to allow for reasonable explainable administrative delays in that certification process." *Id.* at 308 (citing *United States v. Timms*, 664 F.3d 436, 453 n.14 (4th Cir. 2012). In *Wayda*, "the crucial window of time for [the Fourth's Circuit's] analysis cover[ed] the period from the filing of the [u]nrestorability [d]etermination on December 13, 2018, to the filing of the [section] 4248 certificate on June 11, 2019—a period of approximately six months." *Id.* And "[b]ased on the record[, the Fourth Circuit] h[e]ld that a six[-]month delay between the [u]nrestorability [d]etermination and the certification's filing was not reasonable." *Id.*

Here by contrast—as Judge Roemer observed—"approximately two months passed between the expiration of [Woods's] commitment period and the [g]overnment's filing of this motion, during which time the BOP requested additional time to complete the treatment and evaluation." *See* MJ Docket Item 39 at 13. Moreover, "no finding of unrestorability was made prior to [Judge Roemer's D&O]," *id.,* which was issued only a month ago and which simultaneously ordered continued detention for the dangerousness review, *see id.* at 5, 15. Thus, *Wayda* is inapposite.

Ultimately, this Court agrees with Judge Roemer that it is "appropriate to order that [Woods's] commitment to the custody of the Attorney General, and hospitalization at FMC Devens, be continued to allow for his evaluation under [section] 4246(a) within a reasonable period of time, not to exceed forty-five (45) days, as provided by [section] 4247(b)." *Id.* at 14. Indeed, not to allow such a period of time for evaluation would fly in the face of the very purpose of a dangerousness hearing.

9

## IV. MOTION FOR A STAY

Because this Court affirms the D&O, it also affirms Judge Roemer's denial of Woods's motion for a stay of the D&O.

## CONCLUSION

For the reasons stated above, this Court AFFIRMS Judge Roemer's Decision and Order, MJ Docket Item 39, in its entirety.

SO ORDERED.

Dated:  September 6, 2024
        Buffalo, New York

                                    /s/ Lawrence J. Vilardo
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE